**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

|  |  |
|---|---|
| Securian Life Insurance Company, | Court File No. 1:26-CV-01813-MGL |
| Interpleader Plaintiff, | |
| v. | **INTERPLEADER COMPLAINT** |
| Jennifer K. Ray and Roger Baughman, | |
| Interpleader Defendants. | |

Pursuant to Federal Rule of Civil Procedure 22, Interpleader Plaintiff Securian Life Insurance Company ("Securian Life"), files this Complaint for Interpleader against Interpleader Defendant Jennifer K. Ray ("Ray") and Roger Baughman ("R. Baughman") (collectively, "Interpleader Defendants"). The grounds for the Interpleader Complaint are as follows:

**The Parties, Jurisdiction and Venue**

1. This is an action for interpleader involving adverse claims to life insurance benefits ("the Benefits") by Interpleader Defendants.

2. Securian Life is a disinterested stakeholder and files this action solely to avoid vexatious litigation due to competing claims to the Benefits and to avoid exposure to double or multiple liability.

3. Securian Life is a corporation organized under the laws of the State of Minnesota with its principal place of business in the State of Minnesota.

4.      Upon information and belief, Ray resides and is domiciled at 1043 Prides Crossing, Aiken, South Carolina 29801, which is located in Aiken County.

3.      Upon information and belief, R. Baughman resides and is domiciled in Wagner, South Carolina, which is located in Aiken County.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as it arises under the Employee Retirement Income Securities Act of 1974 ("ERISA") because the insurance policy and benefits at issue are part of an ERISA-governed plan.

5.      Venue is proper in the Aiken Division because one or more of the Interpleader Defendants as claimants or potential claimants reside in this judicial division.

**Factual Background**

6.      Securian Life issued Group Term Life Policy No. 700288 ("Policy"), to United Parcel Service of America, Inc. ("UPS"), effective January 1, 2023.

7.      The Policy insured certain UPS employees, including Greg A. Baughman (herein, "Insured").

8.      Insured was insured for basic life insurance coverage the amount of $79,000.00 (herein, "Benefits").

9.      Insured and Ray were married.

10.     On December 1, 2024, law enforcement was called to the home where Ray resided and discovered Insured non-responsive with multiple gunshot wounds.

11.     Insured was pronounced dead at the scene.

12. On December 2, 2024, Ray was arrested and charged with one count of murder of Insured.

13. Ray is being held on house arrest, pending further proceedings.

14. To date, no trial date has been set for Ray and there is little to no public information available as to the status of the case.

15. Insured had designated Ray as the beneficiary for his Benefits, but South Carolina Code § 62-2-803(c) precludes a named beneficiary of a life insurance policy who feloniously and intentionally the individual upon whose life the policy is issued from receiving any benefit under the policy.

16. The Policy contains a default provision in the absence of an eligible beneficiary, under which Benefits are payable in the following order: Spouse, Children, Parents, Siblings, and Personal Representative of Estate.

17. If Ray is ineligible to receive the Benefits under section 62-2-803(c), then R. Baughman, as Insured's only sibling, is entitled to receive the Benefits under the Policy.

18. Securian Life is a disinterested stakeholder and not in a position to determine Ray's guilt or innocence as to Insured's death.

19. Rather, by statute, in the absence of a final judgment by conviction or guilty plea establishing criminal accountability of felonious and intentional killing of the decedent, "the court, upon the petition of an interested person, must determine whether, upon the preponderance of the evidence standard, the individual would be found responsible for the felonious and intentional killing of the decedent." Id. at (f).

## COUNT I: INTERPLEADER
### (Declaratory and Injunctive Relief)

20. Securian Life incorporates by reference its allegations in Paragraphs 1 through 19 of its Interpleader Complaint as if set forth herein.

21. Securian Life claims no interest in the Benefits at issue and is an impartial and disinterested stakeholder.

22. Securian Life is in doubt as to which of the Interpleader Defendants in this action is entitled to receive the Benefits.

23. Given the competing claims, disbursement of the Benefits, or a portion thereof, to any of the Interpleader Defendants will potentially expose Securian Life to double liability.

24. A just and expeditious determination of the proper beneficiary of the Benefits requires the Interpleader Defendants to interplead and litigate their claims to the Benefits.

25. Securian Life is ready, willing and able to deposit the Benefits at issue with the Court pending the determination of the proper beneficiaries.

26. Securian Life seeks leave to deposit the Benefits into the Court, to be absolved of all obligations to the competing claimants, and to be discharged from all liability with respect to the Benefits payable upon the death of Insured under the Policy.

**WHEREFORE,** Securian Life respectfully requests the following relief from the Court:

a.  Enjoining the Interpleader Defendants, their agents, attorneys, and assigns, from instituting or prosecuting any action in any federal, state, or administrative forum against Securian Life relating to the Policy or Benefits due thereunder the pursuant to Insured's death;

b.  Directing Securian Life to deposit into the Court $79,000.00, plus any applicable interest through the date the Benefits are delivered to the Court;

c.  Awarding Securian Life its reasonable attorneys' fees and costs, which shall be deducted from the amount to be deposited with the Court;

d.  Discharging Securian Life from any and all liability relating to the Policy and the Benefits due under the Policy pursuant to Insured's death;

e.  Dismissing Securian Life from this Interpleader Action with prejudice;

f.  Requiring the Interpleader Defendants to interplead as to their respective rights to the Benefits under the Policy; and

g.  Granting Securian Life such other and further relief as the Court deems just and equitable.

**MESSERLI & KRAMER, P.A.**

Dated: April 30, 2026

By: /s/ Molly R. Hamilton Cawley
Molly R. Hamilton Cawley (SC#100478)
50 South 6th Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 672-3600
mhamilton@messerlikramer.com

**ATTORNEYS FOR INTERPLEADER PLAINTIFF**

- 5 -

3390953